# NEWPORT COUNTY.

SARAH A. WEAVER *vs.* EUGENE STURTEVANT, Appellant.

Under Gen. Stat. R. I. cap. 218, §§ 17, 18, Courts of Probate have jurisdiction to set off dower to a widow as well after the husband's realty has been alienated by his heirs as before.

Dower before it is set off is not an estate, but only a right resting in action, which can be released to the terre-tenant but not assigned to a stranger.

A widow gave to a stranger a lease for her life of all her "right, title, interest, property, claim and demand and right of dower," in the realty whereof she was dowable. She subsequently asked to have dower set off to her by metes and bounds.

*Held,* that the lease was void as a conveyance, and ineffectual by way of estoppel.

A statute gave to Probate Courts jurisdiction to set off dower, reserving a right of appeal, by claiming which, any party interested might have a jury trial in the appellate court:

*Held,* that the statute was constitutional and did not impair the right of trial by jury.

APPEAL from the Probate Court of Middletown. Heard by the court on an agreed statement of facts.

Gen. Stat. R. I. cap. 218, contains the following provisions :

" SECTION 17. Any Court of Probate in this state which shall have granted letters of administration, or letters testamentary on the estate of any deceased person, shall have power, upon the application of the widow of the deceased, to cause the dower of such widow to be assigned and set off to her in all or any of the lands, tenements, or hereditaments, lying within the State, which belonged to the deceased during his intermarriage, whereof such widow is dowable. Notice of such application shall be given to all parties interested, except the applicant, in the manner prescribed by law for notices by courts of probate : *Provided, however*, that all the heirs at law or devisees having the next immediate estate of freehold, and all parties interested in all or any of

said lands, tenements, or hereditaments, may join in such application, in which case, no notice thereof need be given.

" SEC. 18. Whenever such an application shall be made to such Court of Probate, such court, upon hearing the parties thereto, shall, in the first instance, decree in what manner the dower ought to be assigned in the premises described in the application, whether by metes and bounds, or in some special and certain manner as set forth in the second section of this chapter; and any person aggrieved by such decree may appeal therefrom to the next term of the Supreme Court to be holden in the same county; but if no appeal be made within the time prescribed by law, or if the parties in writing within that time waive their right to appeal, then such decree shall be final."

Gen. Stat. R. I. cap. 170, contains the following provisions:

" SEC. 1. Any person aggrieved by any order, determination, or decree of any Court of Probate, may, unless provision be made to the contrary, appeal therefrom to the Supreme Court, at the term thereof to be holden in the same county next after the rendition of said order, determination, or decree, if said term do not commence within sixty days of said time, and if it do so commence, then at said term, or at the next succeeding term, of the said court in the same county.

" SEC. 2. Such appeal must be claimed by the aggrieved party within forty days next after such order, decree, or determination shall have been made; and bond shall then be given to such Court of Probate, with surety satisfactory to such court, or to the clerk thereof, if such court shall not then be in session, to prosecute such appeal with effect, or in default thereof to pay all intervening costs and damages, and such costs as the Supreme Court shall tax against the appellant.

" SEC. 3. The person so appealing shall, within ten days after giving bond as provided in the preceding section, file his reasons of appeal in the office of the clerk of the court appealed to; and shall cause the adverse party to be served with a copy thereof, and to be cited at least ten days before the sitting of the court appealed to, that such party may prepare to answer the same."

In this case the decree of the Probate Court was made February 17, 1879. The terms of the Supreme Court for Newport County are held on the third Mondays of March and September.

The appellant filed two claims of appeal to this court, and two appeal bonds, one to the term of March, and one to the term of September, 1879, both being filed February 24, 1879.

*Providence, February* 21, 1880. DURFEE, C. J.   This is an appeal from a decree of the Court of Probate of · Middletown, appointing commissioners to set off dower, by metes and bounds, to Sarah A. Weaver, formerly Sarah A. Taggart, widow of the late William Taggart, in his estate.   The decree was made in pursuance of an application of said Sarah, preferred to the Court of Probate under Gen. Stat. R. I. cap. 218, §§ 17, 18.   The appellant contends that the decree ought to be set aside because, first, the court had no jurisdiction ; and, second, said Sarah, previous to her application, had given a lease for her life of all her right, title, and interest in the real estate in which the dower is demanded, to one William B. Howland.

1. It appears by the application and by the agreed statement under which the cause is heard, that, after the death of William Taggart, the estate passed through mesne conveyances from his heirs at law to the appellant, who now holds it.   The appellant contends that under §§ 17 and 18, the court has no jurisdiction after the estate has been alienated.   We do not so construe the sections.   The language is broad and empowers the court to cause the dower of the widow to be set off to her "in all or any of the lands, tenements, or hereditaments, lying within the State, which belonged to the deceased during his intermarriage, whereof such widow is dowable."   We find nothing to limit this language, which is certainly broad enough to give jurisdiction after as well as before alienation.

The appellant also contends that the sections are unconstitutional, because by conferring jurisdiction on the Probate Courts they impair the right of trial by jury which is incident to an action of dower in the common law courts.   We do not think this position is tenable.   Any person who desires a jury trial can have it in this court by seasonably taking his appeal.   This satisfies the requirement of the Constitution.   *Beers* v. *Beers*, 4 Conn. 535 ; *Stewart* v. *Mayor & City Council of Baltimore*, 7 Md. 500 ; *Morford* v. *Barnes*, 8 Yerg. 444 ; *Jones* v. *Robbins*, 8 Gray, 329.

2. Dower, before it is set off, is not an estate, but only a right

resting in action [1] which cannot be assigned to a stranger to the estate, though it may be released to the terre-tenants. It does not appear that Howland is or ever has been other than a stranger. The lease, therefore, considered as a conveyance, was void. And in our opinion it cannot have any effect, even by way of estoppel. It does not demise the estate nor any specific share or interest in it, but only the lessor's "right, title, interest, property, claim and demand and right of dower." The language is undoubtedly full enough to aliene her right of dower, if her right of dower were alienable. But at law it was not. It is admitted that she had no other right or interest. It follows, therefore, that she is not estopped from demanding it, for in demanding it, she is not demanding anything which her lease *legally* purports to demise. *Croade* v. *Ingraham*, 13 Pick. 33 ; 1 Bishop Law of Married Women, §§ 349–352, and cases cited.

There can be no doubt that the appeal to the term of this court next after the entry of the decree of the Court of Probate was right. Whether the other appeal is also right, it is not necessary to decide.

*Decree of the Court of Probate affirmed with costs.*

*Samuel R. Honey*, for plaintiff.

*William P. Sheffield*, for defendant.

---

[1] And see *Hoxie* v. *Ellis*, 4 R. I. 123.