## CHARLES RITT vs. WILLIAM R. DODGE.

NEWPORT—JUNE 10, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A. mortgaged to a stranger to the title an estate in which her only interest was an unassigned right of dower. Upon a breach of the conditions of the mortgage, the transferee of the mortgagee sued to recover possession of the mortgaged premises:—

*Held*, that the mortgage conveyed no title to the premises.

*Held*, further, that as the mortgage was not a conveyance of the property of a married woman, it was not within the provision of Pub. Stat. cap. 166, § 4, relating to the covenants of a married woman as to her property then in force, and the mortgagor was neither bound nor estopped thereby.

A dowress can convey her dower interest, before dower has been set off, to the *terre* tenants only.

TRESPASS AND EJECTMENT to try title. Heard on agreed statement of facts, jury trial being waived.

PER CURIAM. As the court understands the agreed statements of facts, the entire title claimed by the plaintiff is based on the mortgage given by John Sinnot and Mary A. Sinnot, his wife, to Edward C. Schæfer, dated December 28, 1885. At that time the title to the property was in the heirs of Thomas J. Lynch, and the only interest of Mrs. Sinnot was an unassigned right of dower. A dowress can convey her dower interest before dower has been set off to the *terre* tenants only. *Weaver* v. *Sturtevant*, 12 R. I. 537; *Maxon* v. *Gray*, 14 R. I. 641. The mortgage, therefore, conveyed no title whatever to the premises.

As the mortgage was not a conveyance of the property of a married woman, it is not within the provision of the statute (Pub. Stat. R. I. cap. 166, § 4) relating to the covenants of a married woman as to her own property then in force, and hence she is neither bound nor estopped by them. *Mason* v. *Jordan*, 13 R. I. 193.

The court is therefore unable to see that the plaintiff has any title. As, however, the agreed statement of facts is not

entirely clear, the court will withhold its judgment until satisfied that the facts, as above stated, are correct.

*Charles Acton Ives*, for plaintiff.

*Frank F. Nolan*, for defendant.

NOTE.—Subsequently judgment was entered for the defendant.