MARY D. CLARKE *vs.* N. Y., N. H. & H. R. R. Co.

WASHINGTON—MARCH 25, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *License.  Woodland.  Evidence.  Fires Caused by Locomotive.  Damages.*

In an action for damage to woodland caused by fire set by defendant's engines, evidence as to damage done to growing trees and to wood cut and lying on the ground is admissible, although plaintiff had by agreement in writing authorized a third party to cut and remove all the wood on said land since such agreement is but an executory and revocable license and conveys no interest in the land, and hence all wood not cut and removed within the time of the license belonged to plaintiff.

(2) *New Trial.  Requests to Charge.  Evidence.  Presumptions.  Fire Set by Locomotive.*

Although it was error for the court to charge that the fact that defendant's servants aided in putting out a fire tended to support the fact that defendant's locomotive caused such fire, a new trial will be denied upon this ground where the evidence showed no other apparent cause for the fire than sparks from defendant's engine.

DEBT UNDER STATUTE. Heard on petition of defendant for new trial, and denied.

STINESS, C. J.  The defendant petitions for a new trial of an action wherein a verdict has been rendered for the plaintiff for damage to woodland which was set on fire by defendant's engines.

The first point set out in the petition, as to remarks of plaintiff's counsel in opening, needs no consideration. It contained nothing improper or prejudicial.

The second, as to the allowance of certain questions alleged to be leading, is equally unimportant.

(1)    The third is that the court erred in admitting testimony as to the damage done by the fire to growing trees.   The plain-

tiff had made an agreement in writing whereby a Mr. Camp had authority to cut and remove all the wood and timber standing on said land. A similar agreement, but in the form of a deed, acknowledged and recorded, was held in *Fish* v. *Capwell*, 18 R. I. 667, to convey no interest in the land and to be an executory and revocable license only.

Whatever trees were not cut and removed under this agreement belonged to the plaintiff, and therefore she had the right to show the damage to growing trees.

The fourth point is that damage to the soil by burning the leaves thereon is not included in the declaration. An inspection of the declaration shows the contrary.

The fifth point is that the court erred in allowing testimony of the damage to wood cut and lying on the ground.

As we have stated above, the wood not cut and removed within the time of the license belonged to the plaintiff, and so the testimony was properly admitted. Later in the trial the judge ruled that no allowance could be made for such wood, and thus the defendant has no ground for complaint.

The sixth point is a claim of erroneous instruction. The plaintiff requested an instruction that she was entitled to recover all damage done by the fire to the soil, standing wood *etc.*, if communicated by sparks from defendant's engines, and that Camp had no right to any of the cut wood not removed from the lot within the time named in the contract or some verbal extension thereof.

The first part of the above request the judge allowed and charged, but refused the latter part.

The part charged was within the rule of ownership already stated, and under it the plaintiff was entitled to the latter part of the request. The defendant therefore was not prejudiced by the instruction that was given.

The seventh point is that the court erred in denying requests to charge made by defendant.

(2) One was that the fact that the defendant's servants aided in putting out the fire does not tend to support the fact that the defendant's locomotive, carriage, and engine caused the

fire. The judge refused this request, and added: "I charge you just the contrary."

We think that this was erroneous.

The fact that a body of employees join in putting out a fire raises no presumption, of law or fact, that their employer set the fire. It would be the natural and expected act of every man to do what he could to stop a fire to save his neighbor's property or to protect his own. *Denver & R. G. R. R. Co.* v. *Morton,* 3 Colo. App. 155.

The request should have been granted, but we do not think that its refusal is a sufficient ground for a new trial. It could only bear upon the question of fact whether the fire was started by sparks from the defendant's engine. Upon this point it was shown that the fire started almost immediately after the engine had passed, and that there was no other apparent cause for the starting of a fire than from the sparks from the engine. There was no adverse testimony offered by the defendant, nor anything to show a different cause for the fire. The only natural inference was that drawn by the jury. *Kenney* v. *Hannibal & St. J. R. R.,* 70 Mo. 252; *MacDonald* v. *N. Y., N. H. R. Co.,* 25 R. I. 40; *Smith* v. *Old Colony,* 10 R. I. 22.

The refusal to grant the request was, therefore, harmless error; and where the evidence is such that a new trial would be of no avail it will be denied, although there may have been error in the trial. *Dyer* v. *Union R. R. Co.,* 25 R. I. 221.

Requests to charge in regard to allowance for wood sold to Camp are embraced within what we have said in regard to the plaintiff's title, and hence there was no injury to the defendant.

We are of opinion that the verdict was warranted by the evidence and the natural and proper inferences therefrom, and that the damages were not excessive.

Petition for new trial denied.

*Albert B. Crafts,* for plaintiff.

*John W. Sweeney and Henry B. Agard,* for defendant.