MARY E. SUNDERLAND *vs.* HENRY N. GIRARD.

APRIL 9, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, and Rathbun, JJ.

*(1)   License to Cut Standing Timber.   Executory Contract.*

A sale of standing wood with the right to remove it does not pass an interest in the land, but only in the trees when they are severed therefrom; it is only an executory contract for the sale of chattels with a license to enter on the land for the purpose of removal, and where before the trees are cut the land is sold to a third party, the license is thereby revoked.

*(2)   Dower.   License to Cut Standing Timber.*

Prior to the assignment of dower, a widow's interest is neither a title nor an estate but merely a chose in action, and cannot support an action of trespass *de bonis asportatis* for the cutting and removal of trees by defendant who acted under license from the grantee of the premises who acquired the land by deed from the husband in which the wife did not release dower.

TRESPASS *de bonis asportatis.*   Heard on exception of plaintiff and overruled.

VINCENT, J.   This is an action of trespass *de bonis asportatis* and comes to this court on the plaintiff's exception

to the direction of a verdict for the defendant in the Superior Court for Washington County.

The action is brought to recover damages for the cutting and removal of trees and cord wood from certain premises formerly owned by James W. Sunderland. The plaintiff had no title to the land. She based her right to recover upon a certain writing signed by the said James W. Sunderland during his ownership of the farm upon which the wood was located, which said writing is as follows: "August 15, 1911. I, James W. Sunderland, have sold all standing wood on my farm which is located in the Town of Exeter, to Mary E. Woodmansee for the sum of One Hundred Forty Dollars ($140). I give Mary E. Woodmansee the right to remove wood therefrom as she desires. Received payment on standing wood One Hundred Fifteen Dollars ($115). Balance due Twenty-five dollars ($25). James W. Sunderland." The amount specified in this writing was paid by the plaintiff to James W. Sunderland. Some two weeks later, September 1, 1911, the plaintiff, whose maiden name was Mary E. Woodmansee, became the wife of the said James W. Sunderland.

On January 27, 1912, James W. Sunderland sold the farm in question by a quitclaim deed to Rhoda Ella Moore in which deed the plaintiff did not release dower. On March 4, 1918, Rhoda Ella Moore sold the wood on this farm to the defendant, Henry A. Girard, who proceeded to cut and carry away therefrom certain timber, &c. James W. Sunderland died April 28, 1918.

The defendant pleaded the general issue and also filed a special plea in justification, setting forth that the said Rhoda Ella Moore was seized in fee of the close; that by leave and license of the said Rhoda Ella Moore first given and granted he entered upon said close and took and carried away said goods and chattels; that the plaintiff was not the owner of the said goods and chattels and that the same were the goods and chattels of the defendant, &c.

The case was tried to a jury in the Superior Court and at the conclusion of the testimony, the jury, by direction of the court, returned a verdict for the defendant. The only exception of the plaintiff is to the direction of a verdict.

The plaintiff claims that having entered upon the premises under the writing aforesaid and cut some of the timber and converted the same into cord wood she was entitled to go to the jury and to recover for the cord wood and, further, that having a right of dower in the land she was entitled to maintain her suit.

The defendant claims that the sale of standing wood does not pass an interest in land but only in the trees when they are severed therefrom; that it is merely an executory contract for the sale of chattels with a license to enter upon the land for the purpose of removing the same and that before the trees are cut the license would be revoked by the subsequent conveyance of the land and if so revoked would become void.

The transaction between the plaintiff and Sunderland, as evidenced by the writing before mentioned, was of August 15, 1911, and the deed of the property from Sunderland to Rhoda Ella Moore was January 27, 1912. It was not until more than six years later, March 4, 1918, that Rhoda Ella Moore sold the wood and timber to the defendant Girard who thereupon cut and carried away a certain amount thereof.

The defendant based his motion for the direction of a verdict upon the case of *Fish* v. *Capwell*, 18 R. I. 667. In that case it appeared that Nicholas Brown being the owner of a farm in West Greenwich by a certain writing had sold all of the standing wood on the farm to Greene and Capwell and had therein authorized them to cut and remove the wood within two years. Afterwards Brown sold the farm to Fish. Nevertheless Capwell went upon the land and cut the timber, whereupon Fish sued Capwell in trespass *quare clausum fregit* and Capwell justified under the writing from

Brown. The court decided that the sale of standing wood did not pass an interest in land but only in the trees when they are severed therefrom; that it was an executory contract for the sale of chattels with a license to enter on the land for the purpose of removal; that before they were cut the license might be revoked and having been revoked by a subsequent conveyance of the land the license to Capwell was void.

The plaintiff argues that the case of *Fish* v. *Capwell, supra,* should be distinguished from the case at bar, the one being trespass *quare clausum fregit* and the other trespass *de bonis asportatis.* We fail to follow the argument of the plaintiff upon that point. We believe that the same principle is involved in both cases. We think that the case of *Fish* v. *Capwell* is controlling and that the license to the plaintiff was revoked by the later conveyance to Rhoda Ella Moore. Whether or not the plaintiff may have had an action for damages for breach of contract we need not discuss but it appears well settled in this state that she has no interest which would support an action against this defendant.

It is true that some courts in other jurisdictions have held contrary to the rule laid down in *Fish* v. *Capwell, supra.* This court, however, recognized such diversity of opinion in its consideration of that case and adopted, what it believed to be the better rule, which was later affirmed in *Clarke* v. *N. Y., N. H. & H. R. R. Co.,* 26 R. I. 59, and we see no reason for criticizing the law as thus laid down.

The only other ground urged by the plaintiff, why verdict should not have been directed for the defendant, is that the plaintiff had title to or an estate in the land as a widow, with dower rights unassigned. We think this position is clearly untenable. Prior to the assignment of her dower the widow's interest is neither a title nor an estate. It is nothing more than a chose in action. *Weaver* v. *Sturtevant,* 12 R. I. 537; *Ritt* v. *Dodge,* 20 R. I. 133; 14 Cyc. 960–961.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for the entry of judgment upon the verdict as directed.

*Stephen J. Casey, John J. Dunn,* for plaintiff.

*Henry M. Boss, Jr., Lee, Boss & McCanna,* for defendant.