JAMES H. EARLE *et al. vs.* FRED D. BRIGGS *et al.*

DECEMBER 12, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. This bill in equity is brought to enjoin respondents from crossing the land of the complainants. After trial upon bill, answer and proof the Presiding Justice of the Superior Court rendered a decision in favor of the complainants and a final decree was entered granting the relief prayed for. Respondents have brought the cause to this court by their appeal.

Complainants own a farm in the city of Cranston which is bounded southerly on the Laten Knight road and northerly by the respondents' farm. Respondents have a right of way running northerly from their farm to the Scituate road. They also use a way running southerly over complainants' farm.

Complainants aver in their bill that they or their predecessors in title gave a parol license to pass over their farm to the respondents and their predecessors in title; that June 1, 1925, they notified respondents that this license had been revoked and that respondents have continued to cross the farm. Respondents answered by alleging that they had a right of way over complainants' farm because they and their predecessors in title have crossed the same under a claim of right for more than twenty years. The sole issue raised by the pleadings is whether the respondents have a right of way over complainants' farm.

During the trial the justice ruled that the burden of proof of the right of way was on the respondents. Respondents now contend that this ruling was erroneous. This contention is not tenable as it is well settled that the burden of proving a right of way is upon the person setting it up. 19 C. J. 958; 9 R. C. L. 781.

Respondents also claim that the finding of the justice that the use of the way was a mere privilege or permission extended by the complainants to the respondents and their predecessors in title and was thus used by them without any notice to the complainants that the way was being used under a claim of right is against the evidence. It appears in the record that complainants' farm has been owned by their family since 1840 and that the respondents' farm was then owned by the Walton family. The testimony for the complainants was to the effect that they permitted the Walton family and their grantees to cross their land as an accommodation. Lewis A. Walton became the sole owner of the respondents' farm in 1884 and sold it in 1920 to a Mr. Elliott. Mr. Walton, called as a witness by the respondents, testified that his family were on good terms with the complainants' family and passed over their farm whenever they wished to get to the Laten Knight road; that at the time he deeded his farm to Mr. Elliott he and Mr. Elliott asked the complainants to give Mr. Elliott written permission to cross their farm and they refused to do so but said that Mr.

8

Elliott could cross their farm in the future the same as the Waltons had done in the past. He further testified that he understood he had no privilege of crossing complainants' farm which he could convey to Mr. Elliott. There is an entire absence of proof that the use of the way by the respondents' predecessors in title was under a claim of right or that complainants ever had any notice of such a claim. The finding of the Presiding Justice is fully supported by the evidence. Mere permissive use of a way, no matter how long a time it may have been enjoyed, will never ripen into an easement by prescription. 19 C. J. 887, 897; 9 R. C. L. 778; *Phillips* v. *Bonadies*, 136 A. 684; *Berea College* v. *Burnell*, 111 S. W. 332.

Respondent's appeal is dismissed, the decree of the Superior Court is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Edward M. Sullivan, John J. Sullivan,* for complainants.
*Grim, Littlefield & Eden, Benjamin W. Grim,* for respondents.