ELLEN DAY *vs.* THE PROPRIETORS OF SWAN POINT CEMETERY.

FEBRUARY 4, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

RATHBUN, J. This cause was heard in the Superior Court on bill, answer, answer in the nature of a cross-bill and proof and is here on appeal of each party from a decree granting partial relief to each.

The bill alleges that complainant had acquired title by adverse possession in and to two tracts of land located in Providence, one on the south side of North avenue and the other at the corner of North avenue and Hope street, and prays (1) for a decree confirming her title to both tracts; (2) that the respondent, which has the record title, be directed to execute a deed to her in order that she may have the record title to said lands. The respondent filed an answer denying the acquisition of title by the complainant and prayed in the cross-bill (1) for an injunction restraining complainant from trespassing further on the two tracts of land; (2) that the complainant be ordered to expunge from the land records of Providence a certain plat, which had been recorded by her direction, indicating that she "claimed" the two tracts of land by adverse possession.

After hearing the evidence the trial justice decided that the complainant had acquired title by adverse possession to the tract contiguous to her home on North avenue, but had acquired no title to the tract at the corner of Hope street and North avenue, and granted as to the last mentioned tract both of respondent's prayers. The final decree affirmed complainant's title to the first mentioned tract, denied her title to the other tract, enjoined her from further trespassing on the last mentioned tract and ordered her to expunge so much of the said recorded plat from the land records as applied to said tract.

In 1887 the complainant and her husband, the late Edmund Day, purchased a house and lot on North avenue adjacent to said first mentioned tract. The tracts in question and much of the surrounding land, except said lot, being swampy and covered with brush and small trees were apparently of little value. North avenue is a rough unaccepted street with no house thereon except the com-

plainant's. The second tract is diagonally across the street from said house and lot and juts out to a considerable extent into North avenue in which other owners of lots have an easement. Said tract is very irregular in outline and was roughly estimated to contain about 1,500 square feet. As enclosed the tract does not extend to Hope street, an improved and much traveled highway; between said tract and Hope street is a narrow strip varying from about one foot and three-fourths to about two feet and one-half in width.

The trial justice, in his rescript, made findings as follows: "As to the lot to the east of the house, the evidence does tend to show that the complainant's husband began to clear the land by cutting brush and small trees soon after he moved there in 1887. Animals were kept on the tract and a garden was cultivated until about ten years ago. The land, which was somewhat swampy in the spring, was filled in by the complainant and her husband in 1904. About 1907 a hedge was planted along one side of the tract and a rough wire fence was erected. This tract is immediately contiguous to the property which the complainant and her husband owned in fee by deed and the occupation was obviously a more or less natural extension of this property toward the east, culminating finally in the planting of the hedge and the fencing in.

"While the testimony in the case as to user is somewhat scanty and not as complete as might be desired, at the same time, in the absence of much evidence on the part of the respondent on this point, the Court has come to the conclusion that it is sufficient and that the complainant has acquired by adverse possession title to the tract in dispute lying immediately east of the premises of which she is the record owner; the limits of said tract being as fenced in and as delineated on a certain plat which she has filed in the office of the Recorder of Deeds in Providence.

"The small irregular-shaped parcel lying northwest of the complainant's house is not contiguous to the complainant's

other property. While it was to some extent enclosed in 1908, apparently the fence was of poultry netting and not very substantial. Thereafter a rough fence of boards was erected. Recently this old fence came down, or fell down, and a more permanent one was then built. This tract has not been cultivated since about 1918. From the testimony it appears that children play there occasionally, that at times in the past cattle have grazed thereon, and once there was a hen house or hen run on the parcel.

"After careful consideration, the Court has come to the conclusion that the testimony falls short of showing that the complainant has acquired title to these premises by adverse possession."

We have carefully read the transcript and find no justification for setting aside the decision of the trial justice as to either tract of land.

It is apparent that the complainant and her husband did not use the second tract as much or as consistently as they did the tract contiguous to the lot upon which complainant's house is located. In considering the second tract it should be borne in mind that until recently the land was wild land; that the tract is of comparatively small area and very irregular in outline; that the tract extends well into the platted street and that the fence was until recently not substantial. In the circumstances we cannot say that the evidence, fairly considered, shows notice to the world that the complainant and her husband claimed dominion over said tract. This being an attempt at tortious acquisition of an estate the burden is on the complainant to support her bill by strict proof. See *Draper* v. *Monroe*, 18 R. I. 398.

We will now consider the question whether the parties have any standing in equity. In *Taylor* v. *Staples*, 8 R. I. 170, it was held that equity will not interpose to remove a cloud from the title of real estate on a mere showing that it has been held by possession for a term sufficient to acquire title by adverse possession. The court said: "We think, therefore, that if a party has acquired another's land under

the Statute of Possession, he ought to be content with the title which the Statute gives him, and that he cannot, without some further equity, reinforce it by coming into chancery to compel a release of the title which he has superseded." See also *Wolcott* v. *Robbins*, 26 Conn. 236. The complainant cites in opposition to *Taylor* v. *Staples, supra*, 6 Am. & Eng. Encyc. of Law, 2nd Ed., p. 167, and 5 R. C. L. p. 650. We have examined not only these citations but the cases there cited and find that in all but one the complainant had a color of title, and in every one the complainant had substantial equities; and none relied upon a bare claim of title by adverse possession. The complainant has no color of title, except the deeds from her children, conveying whatever interest their father had acquired by adverse possession, and no equity.

The trial justice denied the prayer for a deed from the respondent but entered a decree to the effect that the complainant had acquired title by adverse possession to the first tract.

We have already indicated that the complainant has no standing in equity. As she has no color of title, except deeds based on adverse possession, and no equity we think the bill should have been dismissed.

The plat which was recorded by the complainant with a statement thereon that the land "is claimed by the Edmund Day Est. by adverse possession" is a cloud upon respondent's title. Equity has jurisdiction to order such a cloud removed. *Louttit* v. *Alexander*, 44 R. I. 257.

Each appeal is denied and dismissed. The decree appealed from is modified by striking out paragraphs 1, 2 and 3 thereof and by dismissing the bill. In all other respects said decree is affirmed.

The parties may present for our approval a form of decree to be entered in the Superior Court.

*O'Shaunessy & Cannon, Peter L. Cannon*, for complainant.

*Greenough, Lyman & Cross, Richard E. Lyman*, for respondent.