R. I. MARINE TRANSPORTATION CO. *vs.* INTERSTATE NAVIGATION CO.

JUNE 6, 1932.

PRESENT: Stearns, C. J., Rathbun, Murdock, and Hahn, JJ.

PER CURIAM. This is an action of trespass and ejectment. The case is before us on the plaintiff's exception to

a ruling, at the conclusion of the evidence in the Superior Court, directing a verdict for the defendants and refusing to direct a verdict for the plaintiff.

This case was recently before us, and the facts are set out in detail in an opinion filed January 29, 1932, and reported in 52 R. I. 143. The property involved is a portion of a wharf in the town of New Shoreham. The defendants, for a consideration, obtained permission from the plaintiff's predecessor in title to dock a ship at this wharf for the purpose of receiving and discharging passengers and freight. The plaintiff has never recognized the defendants as having any right as tenants or otherwise to use the wharf.

We think the ruling directing a verdict for the defendants was correct. From the undisputed testimony of the defendants it is clear that they were never tenants of the property under the plaintiff or anyone else. Said testimony clearly discloses that the defendants were mere licensees of the plaintiff's predecessor in title.

The distinction between a lease and a license is stated in Thompson on Real Property as follows: "There is a plain difference between a license and a lease. The test to determine whether an agreement for the use of real estate is a license or a lease is whether the contract gives exclusive possession of the premises as against all the world including the owner, in which case it is a lease; or whether it merely confers a privilege to occupy under the owner, in which case it is a license, and this is a question of law arising out of the construction of the instrument." The defendants have never used the entire wharf. They have assumed the right to use, at specified intervals only, a small indeterminate part thereof. They have never contended that they had the exclusive right to use said part. The defendants represented to the former owner that they proposed to run one trip daily between New Shoreham and Stonington.

Defendant Howard C. Mott testified as follows: "We approached him on the use of the dock for a year-around business, and he consented to allow us to use it for six hundred

dollars a year. . . . That we were to have a berth there whenever we came in, a certain berth." Q. "What I mean is this: is there any particular part of the wharf that you occupy?" A. "Only when we are unloading freight." Q. "When you are loading and unloading?" A. "Surely." Q. "So that on those two occasions you use so much of the wharf as you might have occasion to in loading and unloading?" A. "Yes, sir, a few feet from one of the hatches." Q. "There is no definite limit as to how far in on the wharf you may use?" A. "Certainly not." See *Polakoff* v. *Halphen,* 83 N. J. Eq. 126; *C. I. & B. R. R. Co.* v. *Brooklyn Cable Co.,* 53 Hun (N. Y.) 169; *McClellan* v. *Taylor,* 54 S. C. 430.

The action of trespass and ejectment does not lie against a licensee or one who is an intermittent trespasser. *Child* v. *Chappell,* 9 N. Y. 246; *Buchanan* v. *Streper,* 12 Phila. 529; *People* v. *Cushman,* 1 Hun (N. Y.) 73. This is a possessory action, and it now appears that the defendants are not, and never have been, in possession.

When the licensor conveyed the property to the plaintiff, that act in itself revoked the license. *Fish* v. *Capwell,* 18 R. I. 667. The defendants are mere trespassers who have, at regular intervals, trespassed upon the property.

The licensors were tenants in common. The notice to quit, given by one of them and the representative of the other, did not convert the license into a lease.

The defendants being mere licensees before the plaintiff purchased and intermittent trespassers when the suit was brought, the ruling complained of was correct.

The plaintiff's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Edward M. Sullivan, John J. Sullivan,* for plaintiff.
*William W. Blodgett, Eugene J. Sullivan,* for defendant.