Timothy J. Foley *et al. vs.* James Lyons *et al.*

SEPTEMBER 6, 1956.

Present: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is a bill in equity seeking to establish an easement over an 8-foot driveway and to enjoin the respondents permanently from interfering with complainants' use thereof. After a hearing in the superior court on bill, answer and proof, the trial justice expressly found that complainants had used the driveway under a claim of right, notoriously, adversely and continuously for over twenty years and therefore had acquired an easement by prescription. Accordingly a decree was entered permanently enjoining the respondents from interfering in any manner with the use of said driveway by the complainants and their successors in title. From such decree the respondents have appealed to this court.

The following facts are undisputed. Ludger Ferland owned two adjoining lots of land on Hazael street in the city of Providence, each of which has a frontage of 40 feet on said street and a depth of 100 feet. We shall refer to them as lots Nos. 13 and 14. The boundary line between the two lots is located at a distance of 8 feet northerly from the cottage on lot 13 and 6 feet southerly from the house on lot 14. The 8-foot area between the cottage on lot 13 and the boundary line, for the entire depth of the lot, will be referred to herein as the driveway.

The bill of complaint alleged and the complainants testified in substance that on June 10, 1929 complainant Ethel J. Foley and her late husband James Adams, who died on November 16, 1943, purchased lot 14 with the house thereon from Ludger Ferland; that at the time Ferland gave them oral permission to drive their automobile and ice truck over a portion of lot 13; that because they could not use for passage all the land to the north of their house, he orally promised that he would grant them a right-of-way over a portion of the driveway on lot 13 as soon as he sold that lot;

that they used the driveway thereon to get to the rear of their own lot on which part they built a garage with the doors facing lot 13; and that on December 5, 1929 Ferland sold lot 13 to a Mr. and Mrs. Hayhurst, who continued as owners thereof until September 21, 1949 when they sold the premises to a Mr. Provonsil.

It is further claimed that complainant Ethel J. Foley, her late husband, and her present husband Timothy J. Foley, and other members of her family have openly, continuously and without interruption or objection from anyone, used a portion of the driveway in question to drive in and out of their garage. It also appears that complainants could use only 4 of the 6 feet of their own land for passage with their automobile because the cellar window wells and a garden which they had planted extend out about 2 feet from the house toward lot 13; that Ferland never carried out his promise to grant them a right-of-way over lot 13 when he sold it; and that, as stated, complainants continued the use thereof until after respondents purchased lot 13 from Provonsil, when they erected a cement wall on said lot abutting the boundary line.

The respondents have filed seven reasons of appeal which they have briefed and argued more specifically under the following points: (1) The bill of complaint does not allege and the testimony does not show that complainants' use of a portion of the driveway on lot 13 was adverse or hostile and under a claim of right. (2) The bill of complaint alleges and the evidence shows that the complainants used a portion of said driveway by permission of the respondents' ancestors in title. (3) The complainants and their successors in title are not entitled to a decree in equity establishing a right-of-way over any portion of respondents' lot 13. These contentions raise one principal issue, namely, whether the alleged user was open, peaceful, adverse, under a claim of right and continuous for the period prescribed by

the provisions of general laws 1938, chapter 438, or whether the user was at all times merely permissive.

The respondents admit generally the actual user of a portion of the driveway as alleged and testified to by the complainants. However, they contend this user was not hostile or adverse and under a claim of right. On the contrary, they and their witnesses testified it was always a permissive use; that friendly relations existed between complainants and the successive owners of lot 13; and that the latter had given express permission to the complainants to use the driveway in question on a temporary basis. The complainants, however, denied they ever sought or received such permission from any of the successive owners of lot 13 after it was sold by Ludger Ferland.

After hearing the testimony and examining the exhibits the trial justice made findings of fact which accepted as true complainants' testimony that they had used the driveway without interruption from 1929 to 1955 for passing to and from the rear of their land to Hazael street and for turning around at the rear of the driveway; that originally such use was permissive under an oral license and an unenforceable oral promise of Ferland to deed a right-of-way; that following his sale of lot 13 complainants never sought or obtained permission from anyone to use the driveway; and that they used it under a claim of right, notoriously, adversely and continuously for the entire period from 1929 to 1955. The trial justice further found that there was a well-defined driveway which complainants have used for passage as claimed by them, and in support thereof he cited the undisputed evidence that in 1929 a hedge had been planted on lot 13 by the then owner 8 feet distant from the boundary line so that complainants could use that space to back their vehicles out of their garage and to turn them around. He further found that this well-defined driveway was clearly visible when respondents purchased lot 13.

It is well settled that a mere permissive use of a way, no

matter how long it may have been enjoyed, will never ripen into an easement by prescription, and further that the burden of proving such a right-of-way is upon the person claiming it. *Earle* v. *Briggs,* 49 R. I. 6. Accordingly the only question here is whether the trial justice was warranted by the evidence in holding that complainants had met the requirements of general laws 1938, chapter 438, relative to the establishment of an easement over the driveway in question by adverse user. Unless his findings are clearly wrong and fail to do justice between the parties, they will not be set aside. *Prudential Ins. Co. of America* v. *Tutalo,* 55 R. I. 160.

It is admitted that complainants' *original* user was permissive and by oral license. It therefore could not ripen into adverse user no matter how long continued provided such user was referable to the permission granted. *Tefft* v. *Reynolds,* 43 R. I. 538, 542. However, this oral license was revoked by Ferland's conveyance of lot 13 to the Hayhursts in 1929. *Fish* v. *Capwell,* 18 R. I. 667; *R. I. Marine Transportation Co.* v. *Interstate Navigation Co.,* 52 R. I. 322; *Sunderland* v. *Girard,* 43 R. I. 1. After such conveyance complainants' use could mature into an easement if all the necessary elements were present and proved by *clear* and *positive* evidence. *Tefft* v. *Reynolds, supra; Day* v. *Proprietors of Swan Point Cemetery,* 51 R. I. 213, 216. 17 Am. Jur., Easements, §73.

We are of the opinion that the trial justice did not err in finding that complainants had sustained their burden of proving by clear and satisfactory evidence that from December 1929 to at least September 1949 their use of a portion of lot 13 was open, adverse and continuous under a claim of right. However, a careful examination of the transcript has not convinced us that complainants have proven such a user of the *entire* 8-foot area of lot 13 as found by the trial justice, so as to establish an easement therein by prescription as delineated in the decree appealed from. In

our judgment the evidence proves such an easement over only a portion of lot 13, as hereinafter described.

The complainants testified they were not claiming the entire 8-foot area. Mrs. Foley testified: "We would have to have for sure three feet" of lot 13. She also stated that she did not want the court to grant her the right to go over the entire 8 feet of lot 13, and that when they put the street curbing in, a round cut-out curbing for the driveway was placed only 3 to 4 feet over on lot 13. Mr. Foley testified he was asking the court to grant an easement over "At least five feet" of lot 13. Nowhere is there any evidence that complainants had adversely used the entire 8-foot area for the necessary period required by statute, or that they had so used, in conjunction with their own land, any more than they were asking the court to grant them. Such use significantly would conform substantially to the street curb cut. On the basis of complainants' own testimony, therefore, the trial justice erred in granting an easement over lot 13 for the *entire* 8-foot area. It is our opinion that complainants have proven, at the most, an adverse user of only 4 feet of lot 13 for its entire depth of 100 feet. Accordingly the decree in that respect should be modified so as to establish an easement for a driveway over that portion of lot 13 which lies next to said boundary line and has a width of 4 instead of 8 feet for the entire depth of said lot.

The respondents' appeal is sustained in part, the decree appealed from is modified as above indicated, otherwise it is affirmed, and the cause is remanded to the superior court for entry of a decree in accordance with this opinion.

### On Motion for Reargument.
### OCTOBER 18, 1956.

Per Curiam. After our opinion in the above case, the respondents requested and received permission to file a motion for leave to reargue. In support of their contention that justice requires a reargument, they claim substantially that the evidence concerning the complainants' use of the

driveway was entirely undisputed; that it shows such use was always with permission of the respondents and their predecessors in title; and that therefore such use was not adverse and under a claim of right as found.

We have re-examined the transcript and, as stated in our opinion, the testimony on these two points is not undisputed. The respondents rely upon only a portion of the pertinent evidence and ignore certain other testimony which directly conflicts therewith. This conflict was resolved by the trial justice in favor of complainants and we are unable to say that his decision in that respect was clearly wrong.

However, in the interest of accuracy the third sentence in the first paragraph of our opinion should be changed to read as follows: "Accordingly a decree was entered permanently enjoining the respondents from interfering in any manner with the use of said driveway by the complainants and their successors in title."

Motion denied.

*Edward F. McElroy, Edward P. Gallogly,* for complainants.

*Arthur L. Conaty,* for respondents.