DECISION
This matter was heard and argued and the facts are as follows.
Statement of Facts
Plaintiffs, Rocco and Lavenia Pagnano, own land located on Kelley Street in Warren, Rhode Island which abuts land owned by defendant, the Warren German-American Club. Neither deed to the parties' properties indicates a right of way or easement.
From 1908 to March 1989, a right of way over defendant's property had been assumed by plaintiffs and their predecessors. A fence with a gate has always separated the two properties. Such right of way was obstructed by the defendant in March 1989 after the plaintiffs had constructed a garage.
The plaintiffs bring this action requesting the Court to grant a prescriptive easement over the defendant's property and/or grant an irrevocable license between the parties. Also, the plaintiffs seek money damages for disruption of their use of the alleged easement and argue that physical damage to their property and the loss of their property's beneficial use justify such an award. The plaintiffs fourth count, nuisance, was dismissed because the plaintiffs presented no evidence to sustain the count.
Motion for Judgment on the Pleadings
Pursuant to R.C.P. 12(c), a motion for judgment on the pleadings may be treated as a motion for summary judgment as provided in Rule 56. Such a Rule 12(c) motion can be converted to a summary judgment motion if the Court considers matters outside the pleadings.
As this Court will consider both testimony and interrogatories, Plaintiffs' motion for judgment on the pleadings will be treated as a motion for summary judgment.
The Summary Judgment Motion
A summary judgment motion will be granted by the Court if the moving party demonstrates by "affidavits, depositions, pleadings and other documentary matters before the Court that he or she is entitled to judgment as a matter of law and that there are no genuine issues of material fact." Palmisciano v. BurrillvilleRacing Ass'n, 603 A.2d 317, 320 (R.I. 1992); Steinberg v.State, 427 A.2d 338, 340 (R.I. 1981); Ludwig v. Kowal,419 A.2d 297, 301 (R.I. 1980). The Court must view the evidence in the light most favorable to the non-moving party. HollistonMills v. Citizens Trust Co., 604 A.2d 331, 334 (R.I. 1992). If there are no issues of material fact then the Court must decide if judgment as a matter of law should be entered in favor of the moving party. Holliston, 604 A.2d at 334.
Easement by Prescription
The plaintiffs argue that they have satisfied all the elements of a prescriptive easement. For a prescriptive easement to be created there must be actual, open, notorious, hostile and continuous use under a claim of right for a statutory period of ten years. Altieri v. Dolan, 423 A.2d 482, 483 (R.I. 1980);Russo v. Stearns Farms Realty, 117 R.I. 387, 391, 367 A.2d 714, 716-17 (1977); Foley v. Lyons, 85 R.I. 86, 90, 125 A.2d 247, 249 (1956); G.L. 1956 (1984 Reenactment) § 34-7-1. The burden is on the claimant to prove by a preponderance of clear and convincing evidence that each element of the prescriptive easement was present for the statutory period of ten years.Dolan, 423 A.2d at 483; Russo, 117 R.I. at 390-91, 367 A.2d at 716-17; Sherman v. Goloskie, 95 R.I. 457, 467, 188 A.2d 79, 84 (1963); Lyons, 85 R.I. at 90, 125 A.2d at 249; Taft v.Reynolds, 43 R.I. at 538, 542, 113 A. 787, 789 (1921). Furthermore, the Rhode Island Supreme Court has held that "mere permissive use", no matter how long, cannot mature into a prescriptive easement unless there is some conduct indicating a change. Lyons, 85 R.I. at 90, 125 A.2d at 249; Daniel v.Blake, 81 R.I. 103, 110, 99 A.2d 7, 11 (1953); Earle v.Briggs, 49 R.I. 6, 8, 139 A. 499, 500 (1927); Reynolds,
43 R.I. 542 [43 R.I. 538], 113 A. 787, 789.
From 1908 to March 1989, the right of way over the defendant's property was used with the alleged permission, express or implied, of defendant. However, there is no language in either litigant's deed reflecting the creation of an easement. The plaintiffs have indicated in their answer to interrogatory number five (5) that the easement was created "by verbal agreement and demonstration of good faith. . . ." The plaintiffs have failed to prove by a preponderance of clear and convincing evidence that a prescriptive easement was created. The necessary elements to support such a claim are absent.
Irrevocable License
The plaintiffs next argue that if an easement by prescription is denied, then an irrevocable license has been created. An irrevocable license is created when the licensee expends money in detrimental reliance on the license, and equity dictates that the license should not be revoked. Specifically, the plaintiffs argue that an irrevocable license was created when they expended money constructing a new garage in detrimental reliance on the right of way. Since the plaintiffs stated in their interrogatory that the right of way was created by "verbal agreement," a parol license would have been created by the parties. However, the Rhode Island Supreme Court has held that when a parol license has been established, it is always revocable at the option of the licensor, even if the licensee has expended money in reliance on the license. Henry v. Dalton, 89 R.I. 150, 156-57,151 A.2d 362, 366 (1959) (quoting Crosdale v. Lanigan, 129 N.Y. 604, 610, 29 N.E. 824, 825 (1892)). In the instant case, although the plaintiffs constructed a garage in reliance on the alleged license, the defendants still had the option to revoke the license by withdrawing permission to use that right of way. Accordingly, the plaintiffs have not proven the existence of an irrevocable parol license.
Conclusion
In viewing the facts in a light most favorable to the plaintiff, this Court grants summary judgment in favor of the defendant; finding plaintiffs have not established their right to a prescriptive easement or an irrevocable license. Plaintiffs additional request for money damages is accordingly denied.
Order to enter.