AMENDED DECISION
Before the Court is a Motion for Preliminary Injunction sought by Frank M. D'Alessandro (D'Alessandro) and Wellesley Medical Association (WMA), (collectively plaintiffs), against GPB Real Estate Holdings, LLC (GPB) and The Bollard Group, Inc. (Bollard). D'Alessandro is the President of the WMA, a condominium association. WMA and GPB (defendant) are the owners of adjoining real property located on Smith Street in North Providence, Rhode Island. WMA owns and operates a professional office building located on the corner of Smith Street and Wellesley Avenue (WMA's property). D'Alessandro also owns a condominium in this office building. WMA does not have motor vehicle access to Wellesley Avenue from its property, although it does have access to Smith Street. The plaintiffs are seeking preliminary injunctive relief to restrain defendant from denying the plaintiffs use of the defendant's motor vehicle parking lot (defendant's property) for tenant and patron parking and for ingress and egress between WMA's property and public streets. The plaintiffs claim that they possess either an easement by necessity or an easement by implication from prior use in the subject area of the defendant's property, specifically the parking lot area adjacent to WMA's property. The defendants urge the Court to dissolve the Temporary Restraining Order outstanding in this matter and to deny the plaintiffs' Request for Injunctive Relief.
 PRELIMINARY INJUNCTION STANDARD OF REVIEW
The criteria the Court should consider in determining whether to grant a preliminary injunction are well settled in this jurisdiction. The moving party bears a heavy burden to demonstrate that "it stands to suffer some irreparable harm that is presently threatened or imminent and for which no adequate legal remedy exists to restore that plaintiff to its rightful position." Fund for Community Progress v. United Way ofSoutheastern New England, 695 A.2d 517, 521 (R.I. 1997). Moreover, the moving party must "make out a prima facie case" establishing "that it has a reasonable likelihood of succeeding on the merits of its claim at trial." Id. If the Court determines an immediate irreparable injury and the likelihood of success on the merits, the Court "should next consider the equities of the case by examining the hardship to the moving party if the injunction is denied, the hardship to the opposing party if the injunction is granted and the public interest in denying or granting the requested relief." Id.
 FACTS AND TRAVEL
The Court has held an evidentiary hearing wherein the parties proffered facts and presented the following arguments. On December 12, 1973, the plaintiffs entered into a written agreement with Fentress Realty Co., Inc. (Fentress), a predecessor-in-title of defendant's property, wherein Fentress granted the plaintiffs the "right and license to use" defendant's property for ingress and egress between WMA's property and Smith Street. This agreement allowed plaintiffs to impose a one-way traffic pattern on WMA's property so that motor vehicles entered WMA's property via Smith Street and exited WMA's property via defendant's property to Smith Street. The agreement duration was for a term of one year and "automatically extended from year to year unless" one of the parties terminated the agreement by thirty-days written notice. In exchange for the "right and license to use" defendant's property, plaintiffs paid Fentress, and its successors-in-title, $1000.00 per year. However, on November 15, 1990, Pierce Realty, Inc. (Pierce), a successor-in-title to Fentress, provided written notice to the plaintiffs and terminated the agreement. The plaintiffs then brought a civil action against Pierce, D'Alessandro et al. v.Pierce Realty, Inc., C.A. No. 92-0084, in which the Court denied plaintiffs' request for a preliminary injunction and determined that Pierce was entitled to deny the plaintiffs access to the defendant's property. To resolve this dispute, D'Alessandro, presumably on behalf of WMA, executed a document entitled Reinstatement Amendment of License Agreement and paid Pierce $4000.00 as consideration for the use of defendant's property for the next four years. On December 20, 1996, the defendant purchased the property.
Plaintiffs argue that the actions of defendant's predecessors-in-interest resulted in a grant to the WMA of either an implied easement by necessity or an easement by implication from prior use. Plaintiffs proffered facts that WMA's office building encroached upon property owned by the defendant's predecessor-in-title. Plaintiffs also argue that WMA obtained ownership of this property via adverse possession. Plaintiffs presented evidence that in order to resolve the above dispute, the WMA granted Pierce a quit claim deed for the disputed property, specifically the land upon which the WMA's building occupies plus the land from the building to the defendant's property — the subject parking lot. Plaintiffs argue that the alleged adverse possession and the quit claim conveyance to the defendant constitutes the requisite common ownership to meet the easement by necessity and easement by implication from prior use standards as articulated in Bovi v. Murray, 601 A.2d 960
(R.I. 1992). The Court notes that the plaintiffs adverse possession claim and the quit claim conveyance to the defendant's predecessor-in-interest did not involve the disputed parking lot area of the defendant's property which is the subject of this case action.
Defendant argues that plaintiffs are not entitled to a preliminary injunction on the basis of either an easement by necessity or an easement by implication from prior use as both of these causes of action require the plaintiffs to demonstrate that the WMA' s property and the defendant's property were, as the plaintiffs contend in their memoranda, at one time in common ownership. Defendant asserts that plaintiffs have not presented sufficient evidence to demonstrate to the Court a probability of success upon the merits of these claims as the plaintiffs have failed to proffer evidence that the two properties were at one time in common ownership. Defendant also argues that the agreement illustrates the use of the defendant's property by the plaintiffs has at all times been permissive and at no time did plaintiffs have an ownership interest in any portion of the defendant's parking lot.
 DISCUSSION
"[I]n order to create an easement by prescription, claimants have the burden of establishing actual, open, notorious, hostile, and continuous use under a claim of right . . . [and] each of these elements must be established by a preponderance of clear and satisfactory evidence." Altieri v. Dolan, 423 A.2d 482 (R.I. 1980). Our Supreme Court has stated that "[i]t is well settled that a mere permissive use of a way, no matter how long it may have been enjoyed, will never ripen into an easement. . . ."Foley v. Lyons, 85 R.I. 86, 89-90, 125 A.2d 247, 249 (1956). Moreover, a "use originally permissive cannot be converted into an adverse use by a later use and claim of that kind. The law presumes that a use originally permissive continues in the absence of conduct clearly indicating a change." Daniels v.Blake, 81 R.I. 103, 110, 99 A.2d 7, 11 (1953). "To rebut that presumption demands a showing of some affirmative action constituting notice that the claimants' occupancy was hostile to the title of the true owner and that they were claiming title as their own." Martineau v. King, 386 A.2d 1117, 1119, 120 R.I. 265, 269 (1978) (citing Spangler v. Schaus, 264 A.2d 161, 106 R.I. 795
(1970)).
After thorough review of the evidence proffered and consideration of the memoranda submitted by the parties, the Court finds that plaintiffs do not have a reasonable likelihood of succeeding on the merits of their easement claims at trial. A review of the agreement and the testimony presented during the hearing leads this Court to find that plaintiffs' use of defendant's property was permissive. Plaintiffs entered into a written agreement with defendant's predecessors-in-title for the "right and license to use" the defendant's property and in exchange paid the defendant's predecessors-in-title $1000.00 per year. Plaintiffs have not presented sufficient evidence for the Court to find that plaintiffs' use of defendant's property was other than permissive and pursuant to the agreement. Moreover, plaintiffs have not presented sufficient evidence that WMA's property and defendant's property were ever in common ownership. The Court also notes that although WMA's property will not continue to have motor vehicle access to Smith Street through defendant's property, it will continue to have motor vehicle access to Smith Street from its own parcel. Therefore, the Court denies the plaintiffs' Motion for Preliminary Injunction and dissolves the temporary restraining order outstanding in this matter.
Counsel for defendant shall prepare and submit an appropriate Order for entry in accordance herewith within ten days.