## (January 14, 1955.)

■

ORAZIO G. PANZICA et al., Respondents, v. AUGUST J. GALASSO et al., Appellants.

*Per Curiam.* It was the claim of the plaintiffs that they had acquired an easement by prescription, for use as a driveway, over a small portion of the defendants' property. The parcel involved was about thirteen feet long by seven feet wide and adjoined a driveway of the plaintiffs located on their own property. The plaintiffs' contention was that tenants of one of their garages had used this small plot of land in driving into and backing out of said garage; that after the defendants had erected a garage on their property which was partially located on the parcel in issue, the tenants were unable to drive into and back out of plaintiffs' said garage. In sustaining the plaintiffs' position, the Special Term found that the use by the plaintiffs was under a claim of right for more than fifteen years and was exclusive, continuous, uninterrupted and adverse. It was further found that the use under claim of right was with the knowledge and acquiescence of the defendants. The evidence was insufficient to show that the defendants had actual knowledge of the use and claim of right and there is no finding that the use and claim of right was so visible, open or notorious that such knowledge would be presumed. In such case, an easement by prescription may not be established. (*Treadwell* v. *Inslee,* 120 N. Y. 458, 465.) There is evidence in this case which tends to show that the plaintiffs did not make any use of this parcel under claim of right or adversely. Furthermore, we do not think the evidence shows continuous and uninterrupted use of this parcel as a driveway for fifteen years. Whatever use there was began in 1927 at the earliest and continued not longer than 1940 or 1941, by a tenant who rented the garage in question. That would be for thirteen or fourteen years. Thereafter, the tenant then in possession did not own a car. In 1944, the latter sublet this garage to another person who used the garage for storage of goods, although he drove in with his truck. Assuming there was use of that parcel by the subtenant in getting in and out, it continued only for about seven years up to the commencement of this action. There was no continuous and uninterrupted use by plaintiffs for a period of fifteen years.

The most that plaintiffs proved was that certain tenants of the garage in question used the plaintiffs' own driveway in getting to the garage door which faced the parcel in issue on the other side of plaintiffs' driveway; that to facilitate entrance and exit, the tenants caused the front or rear wheels of their vehicles to cross the boundary line between the property of the plaintiffs and the property of the defendants. We think such use is of such a limited nature and nonopen and nonnotorious as to not permit a presumption of a lost grant. This case is in the same category as that of *Sewall* v. *Fitz Gibbon* (233 App. Div. 70, 73) where the court said: " The first proven use of this drive, then consisting of two wheel tracks, for two loads of furniture and a few carts of coal and ashes   *   *   * was not so open and notorious as to notify the owner that this use was adverse to him and under a claim of right. If he knew of the use, an extension of so slight a neighborly courtesy should not be penalized by loss of estate."

The judgment should be reversed and the complaint dismissed.

All concur, except Van Duser, J., who dissents and votes for affirmance. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs. Certain findings of fact disapproved and reversed and new findings and conclusions made.