[Civ. No. 9286. Third Dist. June 24, 1958.]

THOMAS FINLEY et al., Appellants, v. DANIEL L. BOTTO et al., Respondents.

Steel & Arostegui for Appellants.

Weis & Weis for Respondents.

SCHOTTKY, J.—Plaintiffs commenced an action against defendants in which plaintiffs alleged that they owned an easement in a certain walkway lying between two apartment houses owned by the respective parties. Plaintiffs prayed for judgment quieting their title to said alleged easement and for an injunction compelling defendants to remove a fence constructed by defendants upon said walkway. Defendants in their answer denied that plaintiffs had any right to any easement. Following a trial the court entered judgment denying plaintiffs' right to an easement and to an injunction, one of the findings of the court reading as follows:

"That the predecessors in interest of the parties to this action who owned the respective properties involved in this case when the space between the houses began to be used for walkway purposes by plaintiffs' predecessors were congenial, cooperative neighbors, and such use was permitted by defendants' predecessors as a gesture of good will and neighborly accommodation. That no claim of right was asserted by plaintiffs' predecessors, nor was any indication ever brought to the notice of defendants or their predecessors that such a claim would or might be asserted, until defendants constructed a fence on their north property line in 1955, thus denying to plaintiffs the full use of the walkway, at which time plaintiff, Thomas Finley, did to and in the presence of defendant, Daniel L. Botto, assert such a claim for the first time. This was approximately two months prior to the filing of this action, and therefore the Court concludes and finds that plaintiffs' showing is lacking in essential factors that are necessary to

establish by prescription or adverse possession the right claimed by them."

Plaintiffs have appealed from the judgment and contend most earnestly that "on the facts and as a matter of law, plaintiffs are entitled to a boundary line easement." Before discussing the specific contentions of appellants we shall summarize the evidence which is not in substantial dispute.

The appellants and the respondents are adjoining landowners. Appellants' property lies to the north of that of the respondents. Each lot extends from E Street in the city of Marysville to a rear alley, and each contains an apartment building which is constructed close to the common boundary line. On appellants' property, in addition to the apartment house, are three cottages which are in the rear of the apartment house. At the rear of the apartment building is a laundry room which is used by all the tenants of appellants. The distance between the two apartment buildings is four feet. The areaway between the two buildings was used by appellants' tenants to reach the laundry room, and for the tenants of the cottages to reach E Street. In 1955, respondents erected a fence on their side of the boundary line. This fence is one foot south of appellants' building and prevents easy access to the rear of the building. When the fence was constructed appellants voiced an objection and thereafter this suit was brought. It appears that at one time there was a brick wall dividing the properties at the boundary line and when the wall was in place it was impossible to walk from E Street to the rear of appellants' property. The wall disintegrated and by 1939 was in bad shape. In 1941 there was no actual wall between the buildings but evidence remained that there had been one. After 1944 the then owner of respondents' property completed the demolition of the wall and made the brick walkway between the two apartment houses. The then owner of respondents' property testified:

"[Mr. Weis] Q. Did anything occur which would indicate or convey to you any knowledge or impression that the Ertmodes were making or asserting a claim to an easement across your property?

"A. Of course not, no. It was a matter of we were just being neighborly and we wouldn't have thought of anyone trying to make a legal claim to it. That would have been the last thing we would have expected."

Appellants acquired the legal title to their property in 1949 and respondents acquired the title to theirs in 1950. Appellant

Thomas Finley testified that his relations with respondents have always been friendly and that the first indication he gave to respondents that he claimed any easement over respondents' part of the property was when respondents started to build the fence. Respondent Daniel L. Botto testified that the relationship between appellants and respondents after respondents acquired their property have been neighborly and friendly, and that appellants' son had married respondents' daughter.

Appellants first cite the following from a note in 27 A.L.R. 2d at page 341:

"In the great majority of instances in which a lane, private road, alley, driveway, or passageway lying over and along the boundary between lots or tracts has been used without interruption by the adjoining owners for the full prescriptive period, and for a common purpose, and without any oral agreement therefor being shown, the user of each owner has been regarded as adverse to the other and the claim of prescriptive easement upheld as against any attempt to restrict or deny the use."

Appellants then state that in the case at bar the vital factors thus recognized in the great majority of American jurisdictions as creating an easement are present: (1) There is a passageway lying over and along the boundary between lots; (2) the passageway has been used without interruption between adjoining owners for the full prescriptive period, for a common purpose; and (3) no oral agreement for such use was shown on trial.

Appellants then argue that the user of each owner should be regarded as adverse to the other, and that plaintiff Finley's claim to a prescriptive easement should be upheld as against any attempt to restrict or deny his use.

Appellants rely strongly on the case of *Bernstein* v. *Dodik*, 129 Cal.App. 454 [18 P.2d 983], in which plaintiffs sought to quiet title to an easement and to enjoin defendants from interfering therewith. Plaintiffs and defendants owned adjoining lots in a Los Angeles subdivision. A driveway had been constructed between the two lots, over and along the dividing line; a strip of 4.6 feet of the driveway was on one lot and a strip of 3.1 feet of driveway was on the other lot. Plaintiffs, and their predecessors, had made use of the way without oral agreement for more than five years. Defendants claimed that plaintiffs' use was permissive; that there had not been communicated to defendants any knowledge that plaintiffs' use was under claim of right. The trial court gave

618

judgment in favor of plaintiffs, and appellants quote from the opinion affirming the judgment, at page 458, as follows:

". . . While it is a well-established principle that the use must be adverse, yet it is an equally well-established principle that where the use of the easement is continuous or openly and notoriously adverse to the owner, it creates the presumptive knowledge in him that the person using the easement is doing so under a claim of right."

However, the appellate court also said, at page 457:

". . . The question as to whether or not the use of the driveway was under a claim of right or as a mere matter of neighborly accommodation was a question of fact to be determined by the trial court in the light of the relation of the parties, their conduct, the situation of the property and all the surrounding circumstances. (*Abbott* v. *Pond*, 142 Cal. 393 [76 P. 60]; *Humphreys* v. *Blasingame*, 104 Cal. 40 [37 P. 804].)"

Appellants also cite *Murray* v. *Fuller*, 82 Cal.App.2d 400 [186 P.2d 157], in which defendants appealed from a judgment declaring that the plaintiffs were the owners of an easement for right of way over a strip of land approximately 7 feet wide along the west boundary of defendants' lots. A strip had been used as a driveway for ingress to and egress from the rear of plaintiffs' property to the street on which said property fronted. The use had been made for more than five years. The use was made by plaintiffs and their predecessors, without asking or receiving permission of any person and without opposition from defendants or defendants' predecessors. The use had been open, continuous and notorious. In affirming the judgment the appellate court said, at page 406:

"The use of the driveway by plaintiffs and their predecessors and their tenants without express permission amounted to trespass and afforded grounds for legal redress from defendants' predecessors, and it was therefore sufficient to initiate a prescriptive title."

Respondents in reply point out that the decisions relied upon by appellants are cases in which judgments that an easement had been established were affirmed upon appeal. Respondents argue that the evidence is sufficient to support the finding that the use of the walkway by appellants and their predecessors in interest was permissive and not adverse. Respondents cite *O'Banion* v. *Borba*, 32 Cal.2d 145 [195 P.2d 10], in which the court said at page 147:

". . . In this connection it is pertinent to observe that

whether the use of the easement is adverse and under a claim of right, or permissive and with the owner's consent, and the nature of the user is sufficient to put the owner on notice, are questions of fact. . . . Also, if there is any substantial evidence to support the judgment, it must be affirmed. All conflicts must be resolved in favor of the prevailing party and the evidence viewed in the light most favorable to him.

.    .    .    .    .    .    .    .    .    .    .    .

"There has been considerable confusion in the cases involving the acquisition of easements by prescription, concerning the presence or absence of a presumption that the use is under a claim of right adverse to the owner of the servient tenement, and of which he has constructive notice, upon the showing of an open, continuous, notorious and peaceable use for the prescriptive period. Some cases hold that from that showing a presumption arises that the use is under a claim of right adverse to the owner. [Citing cases.] It has been intimated that the presumption does not arise when the easement is over unenclosed and unimproved land. (See 28 C.J.S. 736; 4 Tiffany, Real Property (3d ed.), § 1196a.) Other cases hold that there must be specific direct evidence of an adverse claim of right, and in its absence, a presumption of permissive use is indulged. [Citing cases.] The preferable view is to treat the case the same as any other, that is, the issue is ordinarily one of fact, giving consideration to all the circumstances and the inferences that may be drawn therefrom. The use may be such that the trier of fact is justified in inferring an adverse claim and user and imputing constructive knowledge thereof to the owner. There seems to be no apparent reason for discussing the matter from the standpoint of presumptions. For the trial court the question is whether the circumstances proven do or do not justify an inference showing the required elements. In the appellate court the issue is merely whether there is sufficient evidence to support the judgment of the trial court. This view has been implicitly followed. [Citing cases, including *Conaway* v. *Toogood*, 172 Cal. 706 (158 P. 200).] In *Conaway* v. *Toogood, supra*, the rule is succinctly stated: 'The question as to whether or not the use of a right of way has been adverse and under a claim of legal right so to do, or a mere matter of neighborly accommodation, is a question of fact to be determined by the jury, or the court sitting without a jury, from all the facts and circumstances of the case.'"

We are unable to agree with appellants that the evidence in the instant case compelled a finding that they were

entitled to a boundary line easement. If the judgment had been in favor of appellants we would, as was done in the cases cited by appellants, hold that it was supported by the evidence. But as stated in *Bernstein* v. *Dodik, supra,* the principal case relied upon by appellants, "The question as to whether or not the use of the driveway was under a claim of right or as a mere matter of neighborly accommodation was a question of fact to be determined by the trial court in the light of the relation of the parties, their conduct, the situation of the property and all the surrounding circumstances."

It was for the trial judge, who not only heard the evidence but also, under stipulation of counsel, viewed the premises, to weigh the evidence, and we are convinced that the evidence hereinbefore set forth, together with the inferences that may reasonably be drawn therefrom, support the findings and judgment. We believe that the record supports the following statement in the court's memorandum opinion:

"The Court cannot help but feel that this so-called walkway was originally constructed to avoid a muddy condition caused by dripping of eaves which in themselves were very close to the actual property line, and entirely as a neighborly gesture of good will. The court further feels that this construction was so regarded by the families using it and that until the denial of its full and free use became an inconvenience, no claim of right was made."

Appellants in their closing brief make the further contention that assuming that the record supports the finding of use permitted by the predecessor, this is not sufficient to establish permissive use or neighborly accommodation for the prescriptive period between 1949, when appellants bought, or even January, 1950, when respondents purchased their property, and April, 1955, when the fence was erected.

Appellants rely on *Plaza* v. *Flak,* 7 N.J. 215 [81 A.2d 137, 27 A.L.R.2d 324, 331], in which the court said: "If a license to the occupants of either dwelling had been given by the former owners, such would have been revoked by the conveyance of title to others and the continued use by the occupants of either dwelling would thereafter have been adverse to the owner of the fee of the other lands." While the quoted statement may indicate that a permissive license terminates when the owner of the subservient tenement conveys his interest or the licensee conveys his interest, we do not regard it as determinative of the instant case. The relationship between the parties and the surrounding circumstances as shown by the

record entitled the trial court to draw the inference that the continued use of the walkway by appellants was permissive and not under claim of right.

The judgment is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.