John A. Piper and Lucille L. Piper, Plaintiffs-Appellees, v. Frances H. Warren, Defendant-Appellant.

Gen No. 50,349.

First District, Fourth Division.

July 30, 1965.

Rehearing denied and opinion modified September 7, 1965.

Walter F. Kerrigan, of Chicago, for appellant.

John R. Sullivan, of Chicago, for appellees.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from a decree in chancery, based upon the recommendation of the Master in Chancery, finding that plaintiffs had acquired a permanent easement by prescription over a portion of defendant's driveway and ordering defendant to remove a fence constructed by her which prevented plaintiffs' enjoyment of the easement.

Plaintiffs' property is adjacent to, and east of, that of defendant on the north side of 104th Street in Chicago, Illinois. It was stipulated that the conveyances on plaintiffs' property were: Wells to Kilpatricks in 1921; Kilpatricks to Wabels in 1945; Wabels to Stepenos in 1948; Stepenos to plaintiffs in 1952. It was further stipulated that the chain of title on defendant's property is: Wells to Groeniers in 1921;

Groeniers to Staupes in 1943; Staupes to defendant in 1959. The evidence disclosed that homes were built on the respective vacant properties in 1923 with garages added shortly thereafter, one on the northeast corner of defendant's property and another on the northwest corner of the plaintiffs' lot; two separate driveways, with a common boundary, ran between the houses to the respective garages. Plaintiffs claim that for over thirty years plaintiffs and their predecessors had continuously used a portion of defendant's driveway for ingress and egress to and from the former's garage; that no permission was asked, but neither was there ever any objection. Plaintiffs testified that since April 1961 when the fence was built along the easterly edge of defendant's drive, they could still drive their smaller car into the garage but that there is insufficient space between their chimney, which protrudes into their driveway, and defendant's fence to allow access to plaintiffs' garage by the wider of their two automobiles. There is no evidence that the predecessors in title to plaintiffs' property lacked access to their garage without using defendant's property, but on the contrary it appears defendant's driveway was used interchangeably [1] and for convenience.[2]

---

[1] John Groenier, the builder of the garage on defendant's property, testified:

> "Both Kilpatricks [plaintiffs' predecessor in title] and we each used each other's property and no agreement was made as to the use."

[2] Harry J. Staupe and his wife, predecessors in title to defendant, testified for plaintiffs:

> "In slippery weather or heavy snowfalls or anything like that where it is hard to keep in line it is a very comforting thing to have a wide drive. I used their property as much as they used mine and didn't ask for their consent."

The testimony of plaintiffs' own witnesses disclosed that the Wabels (who owned the property now occupied by plaintiffs from 1945 to 1948) did not have an automobile and that only a visiting fireman and visitors used their driveway.

 The law is settled in Illinois that to establish an easement in the land of another the use must be adverse, uninterrupted, exclusive, continuous and under a claim of right for a period of twenty years. Rush v. Collins, 366 Ill 307, 8 NE2d 659. Plaintiffs properly urge that under Rush v. Collins, supra, a rebuttable presumption of a grant or adverse right arises when the origin of the way is not shown. However, in the instant case the undisputed evidence establishes the origin of the way. Mr. Bennett, a neighbor who testified for plaintiffs, said:

> I have lived at 1632 West 104th Street since 1922. When I moved in both properties were vacant lots and houses were built in 1923. Mr. Groenier [defendant's predecessor in title] built one home and Mr. Kilpatrick [plaintiffs' predecessor in title] built the other house and garages were built shortly after the houses at the rear of the lots.

The origin of the two driveways was also substantiated by the testimony of the Groeniers. John Groenier testified that:

> I purchased a vacant lot in 1921, 50 feet in width and built a home in 1923 and built a garage two or three years later. I built a driveway to my garage of two ribbons. My driveway was completely on my lot.

Mrs. Groenier testified that:

> [We] purchased vacant property and built a garage. [There was] . . . a double drive, ours was contained within our lot and theirs was contained within theirs because we wanted the space between the houses.
>
> I think the Kilpatrick gravel was a little higher than ours, but in time wore down.
>
> . . . . . .
>
> Occasionally Kilpatricks used our driveway and we used theirs and there was nothing in writing.
>
> . . . . . .
>
> In driving in and out, the Kilpatricks were careful to go on their side and we were careful to go on ours.

Since the origin of way was shown by testimony concerning the building of the driveways and the uses thereof, there is no presumption of grant or adverse right and the burden of establishing prescriptive rights rests on the party pleading it. Rush v. Collins, supra at 315. According to defendant, plaintiffs have failed to show any basis for a prescriptive easement. Moreover, defendant contends that the evidence clearly demonstrates that the use of the driveways was by implied consent and license of the parties. If this was so, the enjoyment under such a license is regarded as permissive and not of right, and no title is acquired under it regardless of how long it continues. Petersen v. Corrubia, 21 Ill2d 525, 531, 173 NE2d 499.

In Norwick v. Edelman, 204 Misc 915, 128 NYS2d 312, the court refused to find a prescriptive easement on behalf of the plaintiff under circumstances similar to the instant case. There, plaintiff and defendant owned adjoining homes with a common driveway extending to their respective garages in the rear. An

easement in the driveway itself was not in dispute. Plaintiff and her predecessor, for the prescriptive period, had used approximately four feet of defendant's yard in maneuvering her automobile in and out of the garage. When defendant constructed a fence at the edge of his yard, plaintiff claimed to have acquired a prescriptive easement in the four feet of yard and requested the court to order defendant to remove the fence. In denying plaintiff's claim the court in Norwick said at page 315:

> Moreover, where the owner of land uses a roadway or part of his property for his own purposes and convenience, the mere use thereof by another, under circumstances which do not injure the owner's property or interfere with his use of it, will not in the absence of circumstances indicating a claim of right be considered as adverse, and will not ripen into a prescriptive right no matter how long continued.

In the similar case of Panzica v. Galasso, 285 App Div 859, 136 NYS2d 554, the court in a per curiam opinion likewise denied the existence of a prescriptive easement. There, plaintiffs' tenants had used defendants' property to maneuver their automobiles while using a private garage on plaintiffs' property. Quoting with approval from Sewall v. Fitz Gibbon, 233 App Div 70, 251 NY Supp 599, 603, the court stated on page 556 that even "if he [defendant] knew of the use, an extension of so slight a neighborly courtesy should not be penalized by loss of estate."

The evidence in the instant case does not justify the conclusion of the chancellor that a prescriptive easement had been acquired in defendant's driveway. The use of defendant's driveway by plaintiffs and their predecessors was under an implied license, a mere

extension of neighborly courtesy. Therefore it is the plain duty of this court to reverse the decree. Stephenson v. Kulichek, 410 Ill 139, 101 NE2d 542.

Reversed.

McCORMICK, P. J. and ENGLISH, J., concur.