352 A.2d 646.

VOGUE RING CREATIONS, INC. *vs.* JOEL WISHENGRAD.

MARCH 10, 1976.

PRESENT: Paolino, Acting C. J., Joslin and Kelleher, JJ.

PAOLINO, J. This is an appeal from a Superior Court judgment entered on January 16, 1974, in favor of the defendant in a jury trial waived case.

The plaintiff, a jewelry manufacturer, by its president and treasurer, David Sorgman, was a party to an agreement whereby defendant acted as plaintiff's exclusive sales representative, showing plaintiff's line of wares to wholesalers. A disagreement arose between the parties and a meeting was held on September 28, 1973, at which mutual releases were exchanged relieving each party of all liability to the other arising out of the said agreement. Consideration for plaintiff's release of defendant was recited as $1 and "ring samples, racks and sample cases." The release was signed by Sorgman individually and in behalf of plaintiff and Smith Manufacturing Co., Inc.

At the meeting, held in the offices of defendant's attorney, defendant delivered to Sorgman cases and boxes which contained what was represented by defendant to be all the ring samples belonging to plaintiff then in defendant's possession. After cursory examination of the presented merchandise, plaintiff signed the above-described release. There were, in fact, 3,765 rings in the cases delivered. After the meeting, Sorgman, along with plaintiff's plant foreman, and its assistant manager retired to the jewelry factory and over the next several days conducted an inventory of the returned samples. The plaintiff claimed, on the basis of this inventory, that defendant had withheld some 6,195 rings valued at $2,500. Consequently, it filed the instant complaint in the Superior Court alleging that the display cases returned at the September 28 meeting did not, as represented by defendant, contain all of the sample rings in defendant's possession. The plaintiff further claimed that the release procured by defendant was obtained by fraud and misrepresentation and that said release was therefore voidable. The complaint sought damages along with temporary and permanent injunctions preventing defendant from using the ring samples to com-

pete with plaintiff and requiring defendant to return all samples in his possession.

On January 14, 1974, the trial commenced before a justice of the Superior Court sitting without a jury. The testimony of six witnesses was heard, including that of Sorgman and defendant. There were, of course, predictable differences between plaintiff's and defendant's versions of the nature of the representations made at the September 28 meeting and the trial justice made due note of these differences. He made explicit reference, however, to the testimony of plaintiff's plant foreman whom the justice found to be "a candid, honest young man with no ax to grind." The foreman testified that, at least once during the September 28 meeting, it was mentioned in Sorgman's presence that defendant was returning only "3,700 rings." At the conclusion of all the evidence the trial justice found that

> "* * * the Release was executed by Mr. Sorgman individually and in behalf of his two corporate entities, *upon the representation that there was some thirty-seven hundred rings being returned,* and on that basis I cannot say that the Release was obtained by fraud or misrepresentation. I hold specifically as a fact that the Release is good." (Emphasis added.)

The trial justice ruled that plaintiff had failed to prove its case by a fair preponderance of the evidence. The releases, having been exchanged on the basis of the representation that 3,700 rings were being returned, were upheld as valid and a decision was rendered in defendant's favor.

In its appeal, plaintiff renews the allegation made in its complaint that the release obtained by defendant was procured by fraud or misrepresentation. In support of its position, plaintiff offers an extensive recitation of this state's decisional law regarding the voidability of releases procured by fraud. The plaintiff urges reversal of the trial

justice's decision on the basis that, in several areas, irreconcilable conflicts exist between the trial testimony and the trial justice's findings and that the trial justice overlooked evidence of a supposed fiduciary relationship between Sorgman and defendant.

It is well settled that where a party on appeal fails to establish that the trial justice's findings were clearly wrong or that he overlooked or misconceived any material evidence on controlling issues, his findings are entitled to great weight and his conclusion of law, if correct, will be affirmed. *Brill* v. *Northern Associates, Inc.*, 112 R. I. 723, 723-24, 315 A.2d 436, 437 (1974).

In the present case, the trial justice made specific findings of fact, passed on the credibility of the several witnesses and specified his conclusions of law regarding the validity of the release given by the plaintiff to the defendant. On the basis of this record, we find no error.

The appeal of the plaintiff is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court.

Mr. Chief Justice Roberts was present at oral argument but retired prior to consideration or decision of this case. Mr. Justice Doris did not participate.

*Herbert J. Abedon,* for plaintiff.

*Jackvony & De Conti, Louis V. Jackvony, Jr., Daniel J. Donovan,* for defendant.