John ALTIERI et al.

v.

John DOLAN et al.

No. 79–248–Appeal.

Supreme Court of Rhode Island.

Dec. 10, 1980.

Temkin, Merolla & Zurier, Amedeo C. Merolla, Barry J. Kusinitz, Providence, for plaintiffs.

Marcaccio & Marcaccio, Thomas L. Marcaccio, Jr., Providence, for defendants.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal by the plaintiffs from a judgment for the defendants in a civil action to enjoin the defendants from erecting a fence upon the boundary line of their property which boundary ran upon and along a portion of an alleged common driveway. Trial was held before a justice of the Superior Court sitting without a jury.

The trial justice found that plaintiffs failed to establish a prescriptive easement. The Superior Court justice reasoned that in order to create an appurtenant easement by prescription, the parcel must be held adversely. The justice defined adversely held property as that which is held openly, notoriously and hostilely under a claim of right. Moreover, the use of the property must be continuous and uninterrupted for the statutory period of ten years. Additionally, the justice indicated that the claimant who

seeks to establish the easement has the burden of proving the necessary elements. Having reviewed these elements, the trial justice found that plaintiffs had failed to establish any adversity or hostility because the use of the driveway was by mutual consent and agreement of the owners and not by any adverse claim of right. Finally, the trial justice noted that the only evidence of hostility had occurred recently and thus there was insufficient evidence of an adverse taking by plaintiff for the statutory period. Accordingly, the trial justice denied the prayer for injunctive relief.

The record discloses that plaintiffs have owned and occupied the premises at 545 Putnam Pike, Smithfield, Rhode Island, without interruption since September 1962. The adjoining land referred to as 543 Putnam Pike has been owned by defendants since July 15, 1977. For forty years, all previous owners have shared the driveway between these two parcels. The defendants were aware of this common use because they had been tenants of plaintiffs at the 545 Putnam Pike premises for a period of five months before acquiring ownership of the property at 543 Putnam Pike. While they were tenants, plaintiffs requested that if defendants were to use the driveway, they should use the rear portion of the driveway.

Katherine Green, who had resided at 543 Putnam Pike from 1946 to 1963 with her father and from 1970 to 1977 as the immediate predecessor in title of defendants, testified that the driveway was used alternately by plaintiffs, plaintiffs' predecessors, and the Greens in a friendly manner. If any problems arose, they were always resolved in a reasonable, neighborly, and friendly manner. She stated further that there was merely an understanding for the mutual use of the driveway by all concerned. As support of this fact, it was adduced that maintenance expenses such as snow removal were shared by the owners of the two parcels. Nevertheless, defendants informed plaintiffs in April 1978 that they planned to erect a fence along the boundary of the properties.

The sole question before us is whether the evidence was sufficient to satisfy the burden of establishing an easement by prescription.

I

■ The plaintiffs contend that because they had used the driveway for over seventeen years, an easement by prescription had been established. This court has stated frequently, however, that in order to create an easement by prescription, claimants have the burden of establishing actual, open, notorious, hostile, and continuous use under a claim of right for ten years, as required by G.L. 1956 (1969 Reenactment) § 34–7–1. Each of these elements must be established by a preponderance of clear and satisfactory evidence. *Martineau v. King*, R.I., 386 A.2d 1117, 1119 (1978); *Jerry Brown Farm Ass'n, Inc. v. Kenyon*, R.I., 375 A.2d 964, 968 (1977); *Russo v. Stearns Farms Realty, Inc.*, 117 R.I. 387, 391, 367 A.2d 714, 716–17 (1977); *Foley v. Lyons*, 85 R.I. 86, 90, 125 A.2d 247, 249 (1956).

In the instant case, plaintiffs argued that their use of the driveway continuously for seventeen years was without the objection, agreement or permission of defendants, and therefore, their use was sufficient to sustain their burden of proof. Moreover plaintiffs argued that once they have satisfied their burden of sustaining a claim of adverse use, the burden shifts to the opposing party to demonstrate that the use was permissive. In support of their position, plaintiffs relied on cases from other jurisdictions. *Plaza v. Flak*, 7 N.J. 215, 220–21, 81 A.2d 137, 140–41 (1951); *Richins v. Struhs*, 17 Utah 2d 356, 359, 412 P.2d 314, 315–16 (1966); *Causey v. Lanigan*, 208 Va. 587, 591, 159 S.E.2d 655, 660 (1968).

■ The plaintiffs' reliance on these cases is clearly misplaced. Rhode Island law is clear regarding the burden of establishing adverse possession of a prescriptive right. The burden falls to the claimant to establish adversity and remains with the claimant to establish each element of adversity by strict proof. *See, e. g., Russo v. Stearns Farms Realty, Inc.*, 117 R.I. at 390–

**484**

91, 367 A.2d at 716–17; *Sherman v. Goloskie,* 95 R.I. 457, 467, 188 A.2d 79, 84 (1963).[1]

## II

In reaching our decision in the present case, we are aided by the settled standard of review that the findings of fact of a trial justice, sitting without a jury, will be given great weight and will not be disturbed on appeal unless such findings are clearly wrong or the trial justice misconceived or overlooked material evidence. *Taffinder v. Thomas,* R.I., 381 A.2d 519, 521 (1977); *Jerry Brown Farm Ass'n, Inc. v. Kenyon,* R.I., 375 A.2d 964, 969 (1977); *Russo v. Stearns Farms Realty, Inc.,* 117 R.I. 387, 391, 367 A.2d 714, 717 (1977); *see Peloquin v. Ciaccia,* R.I., 413 A.2d 799, 800 (1980). Furthermore, the appealing party has the burden of establishing that the trial justice's findings were clearly wrong or that he overlooked or misconceived material evidence on controlling issues. Otherwise, the trial justice's findings are entitled to great weight and his conclusion of law, if correct, will be affirmed. *Rego Displays, Inc. v. Fournier,* R.I., 379 A.2d 1098, 1100–01 (1977); *Vogue Ring Creations, Inc. v. Wishengrad,* 116 R.I. 120, 123, 352 A.2d 646, 648 (1976).

In the instant case the trial justice found, as a fact, that the continued and shared use of the driveway between the parties was by agreement and permission. In the opinion of the trial justice, the use was neither hostile, exclusive, nor under claim of title. Rather, the lower court determined that the driveway was used on a friendly and neighborly basis and not adversely. *See, e. g., Finley v. Botto,* 161 Cal.App.2d 614, 327 P.2d 55 (1958); *Piper v. Warren,* 61 Ill.App.2d 460, 210 N.E.2d 71 (1965); *Stevenson v. Williams,* 188 Pa.Super. 49, 145 A.2d 734 (1958). These conclusions are consistent with our previous decisions holding that plaintiffs must "show some affirmative act constituting notice to [defendant] that their occupancy was hos-

tile to the owner and they were claiming the property as their own." *Picerne v. Sylvestre,* R.I., 404 A.2d 476, 480 (1979); *accord, Martineau v. King,* R.I., 386 A.2d 1117, 1119 (1978); *Spangler v. Schaus,* 106 R.I. 795, 805, 264 A.2d 161, 166 (1970).

The record reveals that the trial justice made findings of fact and set forth his conclusions of law. Therefore, basing our decision on these findings and conclusions, we find no error.

The plaintiffs' appeal is denied and dismissed, and the judgment appealed from is affirmed.

---

**1.** Even if we were to adopt the position taken in some other jurisdictions, plaintiffs' argument would still fail because they did not sustain, in the opinion of the trial justice, their initial burden.