DECISION
This is the case of the elusive easement. Plaintiffs (hereinafter called "Ladd") acquired lot 20 on Town of South Kingstown assessor's plat 63-1 (hereinafter "Emdalar") in 1964 by conveyance from Salt Pond Meadows, Inc. which acquired Emdalar from the Estate of Antoine Gazda (hereinafter "Gazda") in 1959. Gazda acquired Emdalar in 1947 from the Executrix and heirs of Margaret D. L. Robinson.
Defendant (hereinafter "Doody") owns three parcels involved in this right-of-way dispute. Defendant's home sits on lot 6 of said plat 63-1. She acquired this lot, along with her late husband, Arthur Jeffrey, in 1964. Subsequent to Mr. Jeffrey's death in 1985, Doody took title to said lot 6, individually. To the north of lot 6 sits lot 7 of said plat. Doody and her late husband took title to this lot in 1965. In 1985 Doody took title to lot 9 which is located between lot 6 and lot 20 owned by Ladd. Also a part of this drama is lot 8 on said plat 63-1 which is located east of said lot 7 and north of lots 6, 9, and 20. It is presently owned by Dennis and Mary Sutphen (hereinafter "Sutphen").
THE ISSUE
Both parties agree that Ladd has an easement/right-of-way over a portion of Doody property commencing on the easterly side of historic Post Road within the Town of South Kingstown. The location and extent of the easement form the basis of this litigation.
This Court took a view of the property on March 10, 1997, and conducted a bench trial on that day, March 11, April 22 and 23, 1997. All-in-all, ten witnesses testified and 46 exhibits were entered into the record. The Court also had the benefit of pre- and post-trial memoranda from all parties.
POSITION OF THE PARTIES
Defendant Doody asserts that the right-of-way in question and inuring to the benefit of Plaintiff Ladd is a 40 foot right-of-way as shown on the "J.P. Robinson Partition Plat, July 19, 1901, T.G. Hazard, Jr." (hereinafter "Robinson Plat"). That plat map clearly indicates a 40 foot right-of-way running from Old Post Road east and across what is now depicted as lots 6, 7, 8, and 9 of Town of South Kingstown assessor's plat 63-1.
However, over the years, through use, a traveled way deflected southeasterly from said 40 foot right-of-way as shown on the Robinson Plat permitting egress and ingress to Emdalar.
Doody insists that Ladd be held to the original right-of-way as shown in the Robinson Plat; although most of said original right-of-way has not been developed, or has fallen into disuse. Clearly, the original right-of-way has not been used for travel over the lot owned by Dennis and Mary Sutphen. In fact, I think Mr. and Mrs. Sutphen would be quite surprised to learn of this litigation and that arguably a right-of-way exists over their lot 8.
Both parties argue that an ambiguity exists in the earlier deeds. Plaintiff argues that the language describing the easements in these earlier deeds, specifically, "as shown on said plat" refers and supports the immediately preceding noun, i.e. "Old Post Road, so-called." Defendant contends that the phrase applies to the whole sentence which would incorporate, by reference, the 1901 Robinson Plat containing the 40 foot right-of-way and its location on the property.
Plaintiff also argues that they have an easement by prescription across the traveled way or a quasi-easement over the traveled way. Defendant vigorously contests these positions.
FINDINGS OF FACT
The Court has examined the record, its notes and the exhibits — especially the maps provided the Court by the parties.
The Court believes that it need not decide the ambiguities created in the earlier deeds that refer, in part, to the 1901 Robinson Plat for the following reason. In 1947, the Executrix and the heirs of Margaret D. L. Robinson conveyed Emdalar and the surrounding 6.34 acres to Gazda. The grantors were at liberty to create any easement as well as reaffirm prior existing easements as the Robinson Estate owned what became known as lots 6, 7, 8, 9, and 20.
Assuming arguendo, that the earlier deeds specifically referred to the 40 foot right-of-way contained in the 1901 Robinson Plat, the deed into Gazda either created or confirmed an easement over the then existing traveled way. The Court can also infer and find that the deed to Gazda refers, in part, to the 1947 Holland Plan which was prepared just prior to the execution of the Gazda deed. It shows the then existing traveled way. All other plans prepared subsequent to 1947 indicate this traveled way. The Court also finds that those who drafted the Gazda deed utilized said Holland Plan in the preparation of the grant to Gazda as the dimensions contained in the deed are the same as those contained in the Holland Plan.
In addition, this Court finds that Plaintiff has an easement by prescription over said existing traveled way which is sometimes referred to as the Fountain Driveway. This Court believes that the testimony was overwhelming in demonstrating that Plaintiff had actual, open, notorious, hostile and continuous use under a claim of right for at least 10 years as required by § 34-7-1 of the Rhode Island General Laws (as amended) and in those cases as interpreted by our Supreme Court.See Altieri v. Dolon, 423 A.2d 482 (R.I. 1980) and Martineau v.King, 386 A.2d 1117 (R.I. 1978). It is undisputed that Plaintiff and his family traveled across the Fountain Driveway from 1964 to the present. Defendant attempted to interrupt said usage by posting off-duty police and off-duty Washington County sheriffs to temporarily block the road. But even during such attempts, Defendant permitted access by Plaintiff and his family. Such actions by Defendant do not rise to the level of interrupted use as anticipated by either § 34-7-1 of the Rhode Island General Laws (as amended) or by our Supreme Court.
Furthermore, Defendant, through counsel, attempted to classify such use over the Fountain Driveway or existing traveled way as a license (see correspondence of March 28, 1995 to Ladd). Ladd immediately responded indicating that Plaintiff needed no license as a result of what he believed to be an easement for his use. In all instances Plaintiff repudiated and disclaimed the challenge by the underlying owner of the property. These acts included Plaintiff's removal of sawhorses, access while off-duty police and Washington County sheriffs were present and by correspondence to Defendant's counsel.
As a result of the Court's findings and ruling in this matter, it is not necessary to determine whether or not Ladd has a quasi-easement over the Fountain Driveway or traveled right-of-way.
Having found such an easement, the Court is sensitive to the relationship between Plaintiffs and Defendant and orders the parties to collaborate in drafting the appropriate order and judgment which not only designates in clear and unambiguous language the description of the easement/right-of-way but articulates the protocol for continued maintenance of said easement which includes notification to each party by the person performing the maintenance and the sharing the costs therefor.
Counsel shall prepare judgment in this matter.