AMENDED DECISION
This amended decision is filed to make the following corrections: The name "Rodriquez" shall be changed to "Rodriques." This amended decision will be attached to the decision which was filed on January 13, 2003.
 DECISION
This matter was remanded by the Rhode Island Supreme Court for the trial of the adverse possession counterclaim of Joan L. Dupee ("Dupee"). It is undisputed that the Plaintiffs Peter and Rochelle Carnevale ("Carnevale") and Ronald J. Rodriques ("Rodriques") have record title to the disputed land. At issue is a strip of land approximately 46 feet wide and 675 feet long. Dupee's adverse possession claim was tried on July 15 and 16, 2002. Thereafter, the parties submitted memoranda of law.
The burden of proof upon one asserting a claim of adverse possession is by clear and convincing evidence. Alteri v. Dolan, 423 A.2d 482 (R.I. 1980). Dupee must establish that her possession of the disputed area has been actual, open, notorious, hostile, under claim of right, continuous and exclusive for the ten-year statutory period. Lock v. O'Brien,610 A.2d 552 (R.I. 1992).
The requisite element of proof pertaining to "open and notorious" use is dispositive of this case. It has been held in a number of jurisdictions that "open and notorious" possession requires conduct that puts a person of ordinary prudence on notice that another claims the property in question. Such open and notorious use requires that the possession be sufficiently visible and open to put the true owner on notice that an adverse claim is being made. See Am. Jur. Adverse Possession at 63. In the case before the Court, Dupee's claim falls short of clearly and convincingly establishing that she openly and notoriously possessed property owned by the Plaintiffs.
The evidence at trial clearly establishes that the area cleared by Dupee was for years inaccessible and not visible from the Carnevale/Rodriques land due to the dense overgrowth of "bull briars" and other mature vegetation. In addition, while Dupee claimed at trial to have posted the alleged perimeter of her property, she did not place any such signs in an area that would have been visible to the plaintiffs thereby apprising them of her claim. There must be some affirmative act constituting notice that her occupancy was hostile to the owners and that she was claiming the property as her own. Altieri v. Dolan, supra at 484. Dupee, by merely clearing and/or posting the area which was otherwise not visible from the accessible area of her neighbor's premises, and which was surrounded by an impenetrable barrier of razor-like bull briars, could not rise to a level expected to communicate her possessory claim to the rightful owners.
The adverse possession statute in Rhode Island was never intended to allow the possessor of property to mask his intent and acquire the property by concealing such claim from the record owner. Picerne v.Silvestri, 404 A.2d 476, 479-480 (R.I. 1979). In that regard, Dupee's failure to communicate her possession to the rightful owners undercuts her claim that her use, of itself, was open and notorious. Indeed, she acknowledged under cross-examination that she noted discrepancies in the boundaries on maps before the sub-division process began. Despite this knowledge, she allowed the sub-division process to move forward and further allowed the Carnevales and Rodriguez to purchase the property without communicating her position to them. While notice of the sub-division of itself is not sufficient to interrupt an otherwise proper claim of adverse possession, it supports the proposition that she did not intend to communicate her intentions to the true owner.
The mere presence of fencing is not by itself sufficient notice of an adverse possession claim. In the case of Moore v. Duran, 687 A.2d 822
(Pa. 1996), the court indicated that where an enclosure is claimed as evidence of actual possession, the enclosure must be complete and so open and notorious as to charge the owner with knowledge thereof. In this case, given the topography and surrounding distances and vegetative barriers, the court cannot not and does not find that the enclosure was "so open and notorious as to charge the owner with knowledge thereof." The existence of an old partially fallen and rusted wire cow fence which existed prior to approximately 1978, certainly fails in that regard. Thereafter, although Dupee claims that she installed a new "rail fence" as a replacement for some of the cow fencing, such fencing was still not visibly detectable to the true owners' property.
Accordingly, the Court finds that Dupee has failed to prove by clear and convincing evidence that she openly and notoriously possessed the property at issue. In light of that finding, it is not necessary to evaluate the evidence of record as it relates to the other elements of adverse possession.
 CONCLUSION
Dupee is not the record owner of the disputed property. She has failed to establish title by reason of adverse possession.
Judgment shall enter for Carnevale and Rodriques on Dupee's counterclaim of adverse possession.